## COURT OF APPEALS.

### THE PEOPLE agt. FRANK FERRIS.

The general term of the supreme court has the power to fix a day for the execution of a prisoner, although he has been tried, convicted and sentenced in the court of general sessions, upon the affirmance of that judgment on appeal.

The act of April, 18th, 1859, which says, upon the affirmance of a judgment in a capital case, it shall remit the record to the court from which it came, is not applicable to a case where the record is removed from the supreme court to the court of appeals.

Upon the affirmance of a judgment in the court of appeals, and the record is remitted to the supreme court, it is the duty of that court to follow the directions of the appellate court.

*September Term,* 1866.

On the 25th of September, 1866, application was made to the Hon. J. K. PORTER, one of the judges of the court of appeals, for a writ of error in behalf of Frank Ferris, on the ground that the supreme court, general term, had no power to sentence the prisoner to death. The judge granted a rule to show cause, returnable on the 28th inst., before the court of appeals at Albany.

WILLIAM F. KINTZING, JR., *for the motion, argued,*

Upon the conviction of Francis Ferris, otherwise called Frank Ferris, the court of general sessions pronounced the following judgment against him, viz :

" Whereupon all and singular the premises being seen,

and by the said justice fully understood, it is considered by the said justice that the said Francis Ferris, otherwise called Frank Ferris, for the murder and felony aforesaid, whereof he stands convicted, be taken hence to the city prison of the city of New York, from whence he came, and on Friday, the 14th day of April next ensuing, be hanged by the neck until he is dead."

This judgment was approved by the supreme court and court of appeals, and was and is now a lawful and binding judgment, and the only one that can be legally enforced; and instead of remitting the record to the court of general sesssions, for that court to fix a day for the execution of the original sentence (that above recited), as the statute requires the supreme court to do, that court did, as appears from the record of its proceedings, and by the warrant issued from the court to the sheriff, for the execution of the convict, itself pronounce a new, complete and an independent sentence and judgment against the prisoner, and did fix and appoint the 17th day of August for the execution of that sentence. The following is a copy of the sentence by the court, and of the order fixing the day upon which to carry it into effect :

"It is therefore considered, ordered and adjudged by the said court, that the said Francis Ferris, otherwise called Frank Ferris, for the murder in the first degree and felony aforesaid, whereof he stands convicted as aforesaid, be taken hence to the city prison of the city of New York, from whence he came, and on Friday, the 17th day of August next, be hanged by the neck until he is dead.

"Now, therefore, you the said sheriff are required, and by these presents strictly commanded, to cause execution to be done upon the said Frank Ferris according to law. And the said court hath appointed, and doth hereby appoint Friday, the 17th day of August next, the day upon which the said sentence shall be executed."

In witness whereof, &c.

(Signed)                    GEO. G. BARNARD,
                            THOS. W. CLERKE,
                            JOSIAH SUTHERLAND.

Here is a second sole and distinct judgment, denouncing the same penalty upon the same person, from the same verdict as that by the court of general sessions. Now I aver that there is not, and never has been, any statute law authorizing the supreme court in affirming a judgment upon a writ of error, to pronoune a new sentence in a case like this, and that it was never before done. If this case had gone from the sessions to the snpreme court upon a bill of exceptions by certiorari, without any judgment in the trial court, this would be a proper sentence, fully authorized by an express statute (3 *R. S. 5th ed. p.* 1034, § 27). But when there is a judgment declared in the court below, and the record, with that judgment, is taken by writ of error to the supreme court, and all the proceedings approved, any second or other judgment by the appellate court is without authority, and clearly erroneous. The following statute provides fully and plainly what shall be done by the supreme court in a case like the present :

"Whenever, after conviction upon any indictment, the record thereof shall be removed from any other court into the supreme court, for the purpose of review, the supreme court shall, upon affirming or reversing the judgment or other proceedings, remit the record to the court from which the same was removed, and the court to which the same shall be remitted, shall have the power to proceed thereon according to the decision and direction of the supreme court" (*Laws of* 1859, *chap.* 462, § 2).

Previous to the passage of this act the Revised Statutes contained the following provision upon the same subject, and it is plain that neither under that nor this, was or is there any authority given the supreme court to pronounce a new judgment upon a convict. The difference between the old and new statutes being, that under the old the supreme court fixed the day for the execution of the original judgment—pronouncing no other ; and under the new, that court is required to send the record to the court from which it came, that that court may appoint the time for the infliction of the penalty.

The prior statute was as follows :

"If the supreme court shall affirm such judgment, it shall direct the sentence pronounced to be executed, and the same shall be duly executed accordingly," &c (3 *R. S. p.* 1035, § 26).

It is submitted, with great deference and respect, that the supreme court, both in passing this sentence and also in fixing the day for the execution of the prisoner upon any sentence (as will be shown under the next objection), has exceeded its power, and, therefore, confers no authority on the sheriff to hang the convict by virtue of his present warrant. If the 17th of August is named for the execution of the judgment pronounced by the supreme court, and that judgment is void, then no day has been lawfully fixed upon which the prisoner can be legally hanged, as none has been appointed for the enforcement of the first and only lawful judgment that has or can be pronounced in the case.

My second objection is, as before stated, that the supreme court had no authority to fix a day for the execution of any judgment against this prisoner—the sole power to do that being in the court in which he was tried, convicted and originally sentenced.

Formerly the Revised Statutes provided, as before stated, that "if the supreme court shall affirm the judgment, it shall direct the sentence pronounced to be executed, and the same shall be executed accordingly." This law was strictly observed by the supreme court, in all cases where, by reason of an appeal, the day fixed for execution by the trial court was passed, until that statute was substituted by the act of 1859, above recited. This act, as is seen by referring to it, provides that "whenever after conviction upon any indictment, the record thereof shall be returned into the supreme court for the purpose of revision, the supreme court shall, upon affirming or reversing the judgment or other proceedings, remit the record to the court from which the same was removed, and the court to which the same shall be so remitted, shall have power to proceed thereon, according to the decision and direction of the supreme court." Ever since the passage of this law, the supreme court has ceased to fix

the day for enforcing the judgment of the court in which
the appellant was tried, but in every case throughout the
state, so far as I can learn (the case of *Willis*, 32 *N. Y.* forms
no exception), the supreme court has, on affirming the judg-
ment, remitted the record to the court from which it came,
that the court might appoint another day for the infliction
of the penalty

This act of 1859, embraces the entire subject comprised
by the Revised Statutes, and is in conflict with it, and thus
by implication repeals the statute as completely as if the act
contained a clear repealing clause. See authorities : (*Broom's
Leg. Max.* 2d ed. p. 23 ; *Com.* agt. *Cramby*, 1 *Ashmead*, 179 ;
*Dugan* agt. *Gittings*, 3 *Gall.* 138 ; *Button* agt. *Com.* 1 *Cushing*,
502 ; *State* agt. *Miskimmons*, 2 *Coit* [*Indiana*], 440 ; *Com.* agt.
*Canby*, 10 *Pick.* 37 ; *Towle* agt. *Merrit*, 3 *Greenleaf*, 22 ; *Good-
man* agt. *Buttrick*, 7 *Mass.* 140 ; *Bartlett* agt. *King*, 12 *Mass.*
537-545 ; *State* agt. *Wentworth*, 8 *Porter*, 434 ; *Smith* agt.
*State*, 1 *Steward*, 506 ; *Case of Ashby*, 4 *Pick.* 21-23 ; *Mason*
agt. *Waite*, 1 *Id.* 452 . *Ellis* agt. *Page*, *Id.* 43-45 ; *Jennings*
agt. *Com.* 19 *Id.* 168 ; *Lighton* agt. *Walker*, 9 *N. H.* 59 ;
*Bryan* agt. *Lundberger*, 5 *Texas*, 418 ; *Caldwell* agt. *St. Louis
Ins. Co.* 1 *Low*, 85.)

Two statutes relating to the same subject may exist
together, provided they are not repugnant. But where, as
in this case, a particular power and duty is expressly con-
ferred and devolved upon one court by an express provision
of law (as upon the supreme court by the Revised Statutes),
and afterward, that court is by an equally expressive statute
commanded (shall remit, &c.) to remit the record (the subject
for an exercise of that power and duty) to a second court,
and that second court is required to exercise the power and
duty before conferred and devolved upon the first (as by the
act of 1859) ; when that is the case, as it is in this instance,
the two statutes cannot equally exist at the same time, and
be equally operative on the same subject. This statute of
1859, is in effect, that the court shall not exercise the power
and perform the duty of naming the day for the execution ;
for it declares that that court shall remit the case to the trial

court for that purpose.   It is a mandatory act, fully as much as the first statute, and not directory in any sense.

The question here presented, is not so much on what day the prisoner shall be executed (so to speak), but what court has authority to appoint that day ?   It is strictly a question of power—a question that always underlies all others, and in this instance involves human life.   That the court of sessions, by which the first judgment was pronounced, has the right to fix the day under the law of 1859, there is not, and cannot be, any doubt ; and it seems equally certain that not only the letter, but the spirit and purpose of the provision that confers the power and devolves the duty upon that court, concludes against its being longer performed by the supreme court.   Indeed, if the latter court obeys this statute, and after affirming a judgment of the court below, remits the record, it is impossible that it can fix the day, while the lower court *must*.   For what purpose, other than this, was the statute of 1859 passed ?   It does not purport to enlarge or restrict, qualify, revise or amend, the prior law ; but is a sole, distinct and independent statute ; being the last expressed will of the law-making power upon the subject, and as such must prevail over any previous law to the contrary.   The order of the court of appeals contained in the remittitur, bringing the case from that court back to the supreme court, was that the supreme court proceed in the matter according to law, and nothing more ; which means, and was intended to mean, according to the law of 1859. Of this there can be no doubt.

*Finally.*—Conceding all that can by possibility be fairly claimed or said on the part of an adverse view of this case, and I submit with confidence, that there is still sufficient doubt of the legality of these proceedings by the supreme court to make it eminently just and proper, in a case involving the life of a citizen, that a writ of error should issue, with a stay of execution of judgment, until the court of appeals shall consider the objections herein supposed.

In aid of this application for a writ of error, with a stay of proceedings, &c., I invoke the following statute, passed in

1855. This is a statute promotive of both legal and substantial justice, and although this case has passed from the court of sessions to the supreme court and court of appeals, under its provisions it is still applicable as ever before, if, as is here made clearly apparent, great error hath intervened, in the late and final proceeding in the supreme court, involving grave questions of law, and serious faults of practice, deeply prejudicial to the prisoner's interest, and in violation of his just rights.

" Every conviction for a capital offence, or for one punishable as a minimum punishment by imprisoment for life, shall be brought before the supreme court and court of appeals, from the said court of general sessions of the peace, in and for the city and county of New York, upon a writ of error, with a stay of proceedings, as a matter of right," &c (3 *R. S.* 5th ed. p. 311, § 63).

GUNNING S. BEDFORD, JR., *opposed.*

DAVIES, C. J. The facts appearing upon this application are as follows : The prisoner was indicted, tried and convicted, in the court of general sessions of the peace, in and for the city and county of New York, on the 28th day of February, 1865, of the crime of murder in the first degree, and sentenced to be executed on the 14th day of April following. On the day of his conviction and sentence, the case was removed by a writ of error to the supreme court for review, and on the 22d day of December, 1865, the judgment of the sessions was affirmed by that court. The case was taken by a writ of error to this court, and in the month of June last, the judgment of the supreme court was affirmed, and the record remitted to the supreme court, to proceed thereon according to law.

On the 22d day of June last, after the said record had been remmitted from this court, the supreme court proceeded therein, in the manner following : On that day the prisoner was brought into said court, before the general term thereof, by virtue of a writ of *habeas corpus* issued therefrom ; and

the said court did thereupon, " consider, order and adjudge, that the prisoner, for the murder in the first degree, and the felony aforesaid, whereof he stands convicted, be taken to the city prison of the city of New York, from whence he came, and on Friday, the 17th of August next, be hanged by the neck until he is dead."

This sentence is identical with, and but a repetition of that pronounced by the court of general sessions, except in the day fixed for its execution. And the said court did thereupon issue its warrant to the sheriff of the city and county of New York, to cause execution to be done upon the said Frank Ferris, according to law. And the said court did thereupon appoint the 17th day of August, then next as the day upon which the said sentence should be executed.

The governor, on the application of the prisoner, respited the execution of the sentence until the 19th of October, 1866.

It is now urged on behalf of the prisoner—

1. That the supreme court had no authority to pronounce judgment of death upon this prisoner ; the judgment of the court of general sessions being still valid, operative and now affirmed, and the only one upon which the prisoner can be hanged.

2. That the supreme court had no authority to fix a day for the execution of the prisoner ; the sole power to do that being in the court in which he was tried, convicted and originally sentenced.

We think it may be conceded, that as to the first branch of the first position of the prisoner's counsel, namely : that the supreme court had no authority to pronounce judgment of death upon the prisoner, it is sound.

A judgment of death had been pronounced by a competent court, and remained in full force ; and we entirely concur with prisoner's counsel in the second branch of his first proposition, to wit : that the judgment of the court of general sessions being still a valid, operative and affirmed judgment, was the only one upon which the prisoner could be executed. It was, therefore, a work of supererogation in the supreme

court to pass sentence again upon the prisoner. The sentence already passed was in accordance with the law, was valid, operative and unreversed, and had been affirmed by the court of last resort. There was no occasion, therefore, for another sentence, and this act of the supreme court, although uncalled for, worked no detriment or injury to the prisoner, and is no ground for a reversal of the original judgment or sentence ; that remains in full force, valid and operative. What then remained for the supreme court to do, to comply with the directions of this court, to proceed according to law on the record being remitted from this court to that—that duty is clearly pointed out in the statutes of this state (3 *R. S.* §§ 23, 24, *p.* 937).

Section 23 enacts that, "whenever, for any reason, any convict sentenced to the punishment of death, shall not have been executed pursuant to such sentence, and the same shall stand in full force, the supreme court, on the application of the attorney general, or of the district attorney of the county where the conviction was had, shall issue a writ of *habeas corpus*, to bring such convict before such court ; or if he be at large, a warrant for his apprehension may be issued by the same court, or any justice thereof."

Section 24 enacts that, "upon such convict being brought before the court, they shall proceed to inquire into the facts and circumstances, and if no legal reason exist against the execution of such sentence, they shall sign a warrant to the sheriff of the proper county, commanding him to do execution of such sentence, at such time as shall be appointed therein, which shall be obeyed by such sheriff accordingly."

All these provisions have been literally complied with in the present instance, and the only departure from them is one of form and not of substance ; that is the re-pronouncing by the supreme court, the same sentence and judgment which had already been pronounced by the court of general sessions, and which had been affirmed by the supreme court and by this court. The duty of the supreme court, and its whole duty was, on being informed that the sentence had

not been executed, to cause the convict to be brought before that tribunal.

That was done here; upon his appearance there the court was to inquire into the facts and circumstances, and if it should find that no legal reasons existed why the sentence should not be executed, then it was made the duty of the court to issue a warrant to the sheriff of the county in which the conviction was had, commanding him to do execution of such sentence at such time as the court should appoint. All this had been done in stict fulfillment of these directions, and we do not see any reason for doubting their regularity. The circumstance that the supreme court repeated the sentence already in force and operative, does not, in our opinion, vitiate or impair what was done, or make it less effectual. The court with the exception of this unessential particular, has proceeded pursuant to the directions of this court according to law.

These considerations dispose of the second position taken by the prisoner's counsel, namely: that the supreme court had no authority to fix a day for the execution of any judgment against the prisoner. We have seen that the language of the Revised Statutes, already quoted, fully authorized the supreme court to name a day for the execution of the sentence then in full force.

The argument of the prisoner's counsel is based upon the second section of the act of April 18, 1859 (*Laws of* 1859, *chap.* 462). It is in these words: "Whenever, after the conviction upon any indictment, the record thereof shall be removed from any other court into the supreme court, for the purpose of review, the supreme court shall, upon affirming or reversing the judgment or other proceedings, remit the record to the court from which the same was removed; and the court to which the same shall be so remitted, shall have power to proceed therein according to the decision and directions of the supreme court."

The Revised Statutes have provided for the action of the supreme court upon writs of error and certiorari in criminal cases. Section 24, 2 Revised Statutes, 741, declared: "If the

supreme court shall affirm such judgment, it shall direct the sentence pronounced to be executed, and the same shall be executed accordingly. If the supreme court shall reverse the judgment rendered, it shall either direct a new trial, or that the defendant be absolutely discharged, according to the circumstances of the case."

This section was amended by the act of April 24th, 1863 (*Laws of* 1863, *chap.* 226), by adding thereto the following proviso : " Provided, however, that the appellate court shall have power upon any writ of error, when it shall appear that the conviction has been leagal and regular, to remit the record to the court in which such conviction was had, to pass sentence therein, as the said appellate court shall direct."

We had occasion in the case of *Ratzky* agt. *The People* (29 *N. Y.* 124), to pass upon this section as amended. In that case we were of the opinion that the conviction of the prisoner had been legal and regular in the Kings county oyer and terminer, but that the sentence pronounced upon such conviction was unwarranted in law, and we therefore reversed the judgment of the supreme court affirming the same, and directed the record to be remitted to the court of oyer and terminer to pass the sentence prescribed by this court.

We think it would have been competent for this court to have fixed the day for the execution of the sentence which this court by its judgment affirmed. Such certainly was the practice in the court for the correction of errors, and there is no reason which can be suggested, why this court could not do what it was competent for that court, unless restrained by statute.

In the case of *The People* agt. *Enoch* (13 *Wend.* 159), the chancellor in delivering the opinion of the court said, on affirmance of a judgment of the supreme court in a capital case : " I am also of opinion that in a case like the present, where the execution of the sentence is respited by the governor until a particular day, it is the duty of the sheriff to proceed and execute the judgment of the court at that time,

unless a further respite is granted, or the judgment has been reversed or amended in the meantime."

I am also of opinion that this is not a case in which it is necessary to sue out a writ of *habeas corpus,* and to have the convict brought into the supreme court, before the sentence of the law can be executed upon him. The judgment of affirmance may contain a special direction to the sheriff to execute the sentence on the day to which the execution thereof was last respited by the governor.

In the case of *The People* agt. *Clark* (3 *Seld.* 385), this court on reversing a judgment of the supreme court, and affirming the judgment of the oyer and terminer in a capital case, where the latter court had sentenced the prisoner to be executed—ordered, that as the day fixed for the execution had passed, the proceedings must be remitted to the supreme court to pronounce sentence against the prisoner. The order actually made in this court was, that the record be remitted to the supreme court, in order that that court may direct the sentence of death to be executed, and that court did accordingly proceed to have that sentence executed. (*See The People* agt. *Clark,* 1 *Parker's C. R. Rep.* 360.)

We think the provisions of the second section of the act of 1859, are inapplicable to a case like the present, where the record is immediately removed out of the supreme court into this court, upon the announcement of the judgment of the court. If the record had remained in that court, it would doubless have been regular for the supreme court to have remitted the record to the court of general sessions, with directions to that court to fix a day for the execution of the sentence affirmed, and to issue the proper warrant therefor. But the record in this case having been removed to this court, it was not in the power of the supreme court to remit it to the general sessions, and the statute did not make it obligatory upon that court to remit the same to the general sessions, upon its return there with the judgment and directions of this court.

The general provisions of the Revised Statutes, could, therefore, properly be invoked, which are made applicable to

every case of a convict sentenced to the punishment of death, whenever, for any reason, such sentence shall not have been executed, and the same shall stand in full force.

The affirmance of the judgment and sentence pronounced in this case by this court was final, and, therefore, it stood in full force; but the day fixed for the execution having passed, further action became necessary, and that was taken in this case, in strict conformity with the letter of the statute. The action of the supreme cout, was, therefore, in accordance with the directions of the statute, except in the unimportant particular already adverted to, and the motion for a writ of error is denied.

All concur.